**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ISOM HAMILTON,

        Plaintiff,

v.

JENNIFER SIERMINSKI,

        Defendant.

Case No. 2:24-cv-12280
District Judge Susan K. DeClercq
Magistrate Judge Anthony P. Patti

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE DEFENDANT SIERMINSKI'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 16)**

**I.**     **RECOMMENDATION**: The Court should **DENY WITHOUT PREJUDICE** Defendant's motion for summary judgment. (ECF No. 16.)

**II.**     **REPORT:**

    **A.**     **Background**

Plaintiff Isom Hamilton, a state prisoner, initiated this action *in pro per* on September 3, 2024 against Defendant Jennifer Sierminski based on an incident that occurred while Plaintiff was housed at the G. Robert Cotton Correctional Facility ("JCF").  (ECF No. 1.)  Plaintiff makes many allegations against individuals who are not parties to this action, but with respect to the one defendant in this lawsuit,

Plaintiff alleges that on September 30[1], 2021, two inmates jumped him and began kicking and punching him in full view of Defendant Sierminski and another corrections officer.  (ECF No. 1, PageID.40-42.)  He contends that the assault continued for around 15-20 minutes and Defendant did nothing to help him and that, later, when she made her rounds, she deliberately ignored his calls for help as he "lay on the floor dazed and dizzy from the assault."  (ECF No. 1, PageID.42.) He claims that he was retaliated against by the grievance coordinator, T. Cobb, by ignoring his request for a Step 2 and Step 3 appeal.  (ECF No. 1, PageID.43.)  His *pro se* complaint states that he brings a cause of action under 42 U.S.C. § 1983 for a violation of his Eighth Amendment right to be free from cruel and unusual punishment based on Defendant Sierminski's failure to intervene and stop the assault. (ECF No. 1, PageID.40.)

The matter was referred to me by Judge Susan K. DeClercq "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 10.)

---

[1] Plaintiff first alleges the incident occurred on September "31," 2021 (ECF No. 1, PageID.43), and later alleges the incident occurred on September 30, 2021 (ECF No. 1, PageID.53).

Defendant Sierminski filed the instant motion for summary judgment on June 2, 2025, arguing that Plaintiff failed to exhaust his administrative remedies before initiating the lawsuit and therefore she is entitled to summary judgment under Federal Rule of Civil Procedure 56.  Plaintiff filed a response to the motion on July 2, 2025, [2] and Defendant filed a reply on July 18, 2025.  (ECF Nos. 19, 22.)

**B.      Standard**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of

---

[2] Plaintiff's response was incorrectly docketed as a motion, but I have corrected that clerical error by text order.

fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Moreover, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment." *Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006) (internal quotations and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Plaintiff is *pro se* does not lessen his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema N.A.*, 534 U.S.

4

506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

### C.     Discussion

### 1.     Failure to exhaust and PLRA cases

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e *et seq.*, a prisoner may not bring an action "with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress enacted the provision to address the "outsized share" of prisoner litigation filings and to ensure that "the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit." *Jones v. Bock*, 549 U.S. 199, 203-04 (2007). Put another way, the purpose of § 1997e(a) is to "reduce the quantity and improve the quality of prisoner suits[.]" *Porter v. Nussle*, 534 U.S. 516, 524 (2002). In addition, exhaustion "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotation marks and citation omitted).

The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.  As such, defendants bear the burden of proof on exhaustion.  *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012) ("A PLRA defendant bears the burden of proving that a PLRA plaintiff has not exhausted his administrative remedies.").

"Once an affirmative defense is asserted, it may be adjudicated at any point in the development of a lawsuit that the rules of procedure allow. As the *Jones* Court noted, because a plaintiff need not anticipate or plead around an exhaustion defense, that defense usually may not be addressed in a motion under Rule 12(b)(6) for failure to state a claim." *Anderson v. Jutzy*, 175 F. Supp. 3d 781, 786 (E.D. Mich. 2016) (Lawson, J., adopting in part report and recommendation of Whalen, M.J.) (citing *Jones*, 549 U.S. at 215).  To the extent the record permits, the Court addresses whether a prisoner has exhausted administrative remedies under Federal Rule of Civil Procedure 56.  *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc); *see also Melton v. Michigan Corr. Comm'n,* No. 07–15480, 2009 WL 722688, at *6 (E.D. Mich. Mar. 17, 2009) (resolving failure to exhaust administrative remedies in a motion for summary judgment). "The summary judgment motion is especially well suited to pretrial adjudication of an exhaustion defense, because proof of lack of exhaustion generally requires resort to

6

matters outside the pleadings, such as affidavits or documentary evidence."

*Anderson*, 175 F. Supp. 3d at 787.

### 2.   Analysis

There is no dispute that Plaintiff did not exhaust his claim before filing suit in this case.  In support of her motion for summary judgment, Defendant attached the affidavit of Carolyn Nelson, who certifies a true and accurate copy of a Plaintiff's grievance report.  (ECF No. 16-3.)  The report details every grievance which is documented through Step 3, and does not include any grievance related to the allegations made in Plaintiff's complaint.

In his response, Plaintiff does not dispute that he did not fully exhaust his claim.  Instead, he argues that he did, in fact, submit a Step 1 grievance but never received a response.  (ECF No. 20, PageID.135.)  And because he did not receive any response to his Step 1 grievance, he allegedly wrote to the grievance coordinator (Thomas Cobb) inquiring about his "receipt of notice not being received," and then wrote again asking to be sent a Step 2 grievance.  (*Id.*)  He further asserts that he wrote multiple times to the ombudsman regarding the situation and did not receive a response.  (*Id.*)  Plaintiff argues that he was "purposely being denied the proper Step 2 and Step 3 grievance forms in an attempt to help out their fellow co-worker."  (ECF No. 20, PageID.135-36.)  Plaintiff intimates that his case should not be dismissed because he attempted to

exhaust his administrative remedies but was thwarted by the actions of the grievance coordinator.  *See Ross v. Blake*, 578 U.S. 632, 644 (noting that exhaustion is not required "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").

Plaintiff does not support his response with any attachments or record citations, relying solely on the arguments made in his brief.  Under Rule 56, however, the nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion."  *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).  Defendant argues that Plaintiff's "assertions are unsworn, unsupported, and conclusory—and thus are insufficient to defeat a motion for summary judgment."  (ECF No. 22, PageID.142.)

Defendant fails to account for the fact that Plaintiff's complaint is verified, and a "verified complaint . . . carries the same weight as would an affidavit for the purposes of summary judgment."  *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir.

2008) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (explaining that where a party files a verified complaint, the allegations contained therein "have the same force and effect as an affidavit for purposes of responding to a motion for summary judgment" (internal quotation marks omitted)); *see also* *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992) (concluding that a prisoner's signed complaint with a statement declaring the truth of the allegations under penalty of perjury was sufficient to place controverted facts into issue)).  The Court can therefore consider the complaint, as well as the documents attached thereto, to determine if Defendant is entitled to summary judgment.

In his verified complaint, Plaintiff asserts that he wrote a grievance on October 3, 2021, which complained of Defendant's alleged deliberate indifference and dereliction of duty, but that he never received a response to the grievance. (ECF No. 1, PageID.46, 55.)  Plaintiff attaches an alleged copy of the grievance form to his complaint, which indeed describes the September 30, 2021 incident.[3] (ECF No. 1, PageID.61)  Plaintiff also asserts in his complaint that he "wrote

---

[3] Given the existence of the two grievance forms attached to Plaintiff's complaint, it is perplexing why Defendant cites caselaw related to "conclusory affidavits" and argues in her reply brief that "[a]bsent any evidence on the contents of [Plaintiff's] purportedly unanswered Step 1 grievances, or any discussion of the contents of said grievances, there is no way to assess whether these purportedly unanswered grievances could have exhausted any claims."  (ECF No. 22, PageID.141-43.) Plaintiff describes the contents of the grievances in his verified complaint, and includes copies of the alleged grievances attached to the complaint.

multiple inquires and request[s] for a Step 2 grievance appeal and to find out why Step 1 was never answered and why [he] never received a receipt that it was received." (ECF No. 1, PageID.46, 54.)

The Court should find that Plaintiff's complaint constitutes sufficient evidence, at this stage, to demonstrate an issue of fact regarding whether his attempts at exhausting his grievance were thwarted by the MDOC's failure to process his grievance, failure to provide Plaintiff with the proper Step 2 form, and/or failure to respond to his letter.  The Supreme Court has recognized that "that officials might devise procedural systems (including the blind alleys and quagmires just discussed) in order to 'trip[ ] up all but the most skillful prisoners.'" *Ross*, 578 U.S. at 644 (quoting *Woodford v. Ngo,* 548 U.S. 81, 102 (2006)). Further, courts have "addressed a variety of instances in which officials misled or threatened individual inmates so as to prevent their use of otherwise proper procedures. As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable." *Id.*

Here, construing the evidence, and particularly Plaintiff's verified complaint, in a light most favorable to Plaintiff, it is possible that his attempts at exhaustion were thwarted by the prison's refusal to process his grievance, provide the necessary appeal forms, or respond to his requests in any manner.  This case is analogous to another from this district in which a plaintiff presented copies of

grievance forms that he alleged he had completed, letters he sent asking for a response to those grievances, and affidavits indicating that his father attempted to call on the prisoner's behalf as well. *Graham v. Chicowski*, No. CV 16-12258, 2017 WL 3097803, at *5 (E.D. Mich. Apr. 18, 2017) (Grand, M.J.), *report and recommendation adopted*, No. 16-12258, 2017 WL 3085782 (E.D. Mich. July 20, 2017) (Parker, J.).  The Court found that the plaintiff had provided evidence creating at least a question of fact that he made "an affirmative effort to exhaust his available administrative remedies with respect to his grievances" and whether "the grievance process was actually 'available'" to him. *Id.*  I find the reasoning of *Graham* to be persuasive and applicable to the facts of this case.

In an effort to refute Plaintiff's argument, Defendant has attached to her reply a copy of Plaintiff's Grievance Summary Report, which includes not just those grievances that were pursued until Step 3, but all grievances that were filed at Step 1.  (ECF No. 22, PageID.143-147.)  The report indicates a grievance filed two weeks before the incident, on September 3, 3021, but then no other Step 1 grievance until September 29, 2022.  There is no record of any grievance being filed related to the September 30, 2021 incident.  (ECF No. 22-1, PageID.147.)  It is possible that definitive evidence demonstrating that Plaintiff never filed a Step 1 grievance could be deemed sufficient to invalidate Plaintiff's self-serving verified complaint and unsigned grievance forms.  *See Bassett v. Grover,* No. 2:24-CV-

00095, 2025 WL 2444968, at *3 (W.D. Mich. July 28, 2025), *report and recommendation adopted*, No. 2:24-CV-95, 2025 WL 2442886 (W.D. Mich. Aug. 25, 2025) ("The fact that Bassett presented the Step III form is proof only that he filled out the form, it is not proof that he submitted the form to the MDOC Lansing Office."); *Pann v. Hadden*, No. 1:22-CV-76, 2023 WL 6066239, at *4 (W.D. Mich. Aug. 16, 2023), *report and recommendation adopted*, No. 1:22-CV-76, 2023 WL 6065096 (W.D. Mich. Sept. 18, 2023) ("[E]ven if the Court assumes that Pann actually wrote a grievance and that he filed the goldenrod copy in the Court, this does not establish that he actually filed a grievance.").

Defendant cannot rely on this line of authority here for two reasons. First, as noted above, Plaintiff relies not just on the "goldenrod" copy of his grievance, but also on the averments noted in his verified complaint that he filed the grievance. Second, to the extent that business records, such as a Grievance Summary Report, could demonstrably overcome Plaintiff's sworn statement, Defendant has not presented the Court with admissible evidence to show that there is no record of a Step 1 grievance being filed. While Defendant has submitted a Grievance Summary Report, she has failed to file any affidavit authenticating the document (as she did with the Step 3 Grievance Report).[4]

---

[4] Before the 2010 amendments to Rule 56, the Sixth Circuit consistently held that unauthenticated evidence was inadmissible at the summary judgment stage. *See Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 480-81 (6th Cir. 2008); *see also*

12

It is true that under Fed. R. Civ. P. 56(c), unauthenticated evidence is not excluded from consideration on summary judgment, but rather, the absence of authentication is grounds for objection. *See Forward Magazine, Inc. v. OverDrive, Inc.*, No. 1:10-cv-1144, 2011 WL 5169384, at *2 (W.D. Mich. Oct. 31, 2011). Instead, once an objection is raised, the burden shifts to the proponent "to show that the material is admissible as presented or to explain the admissible form that is anticipated" at trial. *Id.* (citing Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment); *see also Mangum v. Repp*, 674 Fed. Appx. 531, 536-37 (6th Cir. 2017). However, Defendant did not submit the unauthenticated records until her reply brief, and thus Plaintiff has not been afforded an opportunity to object or otherwise respond to them. Under the circumstances here the Court should not rely on the unauthenticated business record, *especially given the fact that Defendant should have anticipated Plaintiff's argument given that it is spelled out in his complaint.*

Simply put, Defendant has failed to meet her burden on summary judgment to demonstrate that there is no triable issue of fact related to her affirmative defense of failure to exhaust. Defendant failed to address, or even acknowledge,

---

*Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006). The amended rule now permits parties to cite a broader range of materials, including "depositions, documents, electronically stored information, affidavits or declarations," regardless of whether they are authenticated at the time of submission. Fed. R. Civ. P. 56(c)(1)(A).

that Plaintiff's complaint was verified and therefore record evidence, failed to address or even acknowledge the documents attached to Plaintiff's complaint suggesting Plaintiff's attempts at pursuing a grievance, and failed to authenticate the Grievance Summary Report attached to the reply, or otherwise attach an affidavit indicating the summary report lists every Step 1 grievance filed by Plaintiff. Thus, the Court should **DENY** Defendant's motion for summary judgment. (ECF No. 16.) The denial should be **WITHOUT PREJUDICE** to renew the argument in any subsequent motion for summary judgment filed on the merits of Plaintiff's case, following discovery. The motion should in no event be brought prior to Plaintiff's deposition being taken.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within **14 days** of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d

14

1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than **14 days** after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: February 11, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE